IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| OPTICURRENT, LLC, | § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CASE NO. 2:16-CV-325-JRG |
| POWER INTEGRATIONS, INC. | | |
| *Defendant*. | | |

# ORDER

Before the Court is Defendant Power Integrations, Inc.'s ("PI") Motion to Transfer Venue Pursuant to § 1404(a) to the Northern District of California. (Dkt. No. 40.) On March 28, 2017, the Court held a hearing at which the parties presented oral argument on said Motion to Transfer. After careful consideration of the parties' arguments and their written submissions, the Court concludes that PI's Motion to Transfer should be and is **GRANTED**.

The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*"). Next, the Court considers the public and private factors relating to the convenience of the parties and witnesses as well as the interests of the particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1197–98 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy,

expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The Court finds that this case could have been filed in the Northern District of California. Additionally, upon considering each of the applicable public and private factors related to transfer pursuant to 28 U.S.C. § 1404(a), the Court finds that, on balance, such factors weigh in favor of transfer, and the United States District Court for the Northern District of California is clearly more convenient based upon the Court's consideration of the above convenience factors.

Accordingly, it is hereby **ORDERED** that this case be and it is transferred to the Northern District of California. The Clerk of the Court shall forthwith take such steps as are needed to effectuate the transfer.

**So ORDERED and SIGNED this 26th day of May, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE