**Pages 1 - 6**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Orrick, Judge

OPTICURRENT, LLC,                          )
                                           )
          Plaintiff,                       )
                                           )
    VS.                                    )        **NO. C 17-03597 WHO**
                                           )
POWER INTEGRATIONS, INC.,                  )
                                           )
          Defendant.                       )
_____   )

                         San Francisco, California
                         Wednesday, August 15, 2018


                    **TRANSCRIPT OF PROCEEDINGS**


**APPEARANCES**:

For Plaintiff:
                    FRIEDMAN, SUDER & COOKE
                    604 East 4th Street - Suite 200
                    Fort Worth, Texas  76102
               **BY:  JONATHAN T. SUDER, ATTORNEY AT LAW**



For Defendant:
                    FISH & RICHARDSON P.C.
                    500 Arguello Street - Suite 500
                    Redwood City, California  94063
               **BY:  NEIL A. WARREN, ATTORNEY AT LAW**




Reported By:        Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
                    Official Reporter

**Wednesday - August 15, 2018**                              **2:18 p.m.**

**P R O C E E D I N G S**

**---000---**

**THE CLERK:**  Calling Civil Matter 17-3597, Opticurrent, LLC versus Power Integrations, Incorporated, et al.

Counsel, please come forward and state your appearance.

**MR. SUDER:**  Good morning, Your Honor.  John Suder on behalf of the plaintiff.

**MR. WARREN:**  Your Honor, Neil Warren with Fish & Richardson on behalf of Power Integrations.

**THE COURT:**  Good afternoon.

So the Mackillop declaration wasn't presented before. It's new information.  It should have been presented before, but I think in this case the interests of justice are going to be served by -- would not be served by excluding it at this point; and it does change the priority date in light of the evidence that I had on summary judgment, the plaintiff's mistaken belief that it had put in enough information without Mackillop.

So this is what I'm going to do.  I'm going to allow Power Integrations to depose Mackillop, get his relevant documents. Opticurrent is going to pay for the transcript, for the court reporter's costs, for two hours of the deposition of one lawyer, and you can figure out where that is going to be.  The deposition is not limited to two hours, but you have to pay for

two hours.

And then if Power Integrations asserts that after that deposition either the schedule of the case needs to be adjusted, then -- either that or that you find something that shows that this is all a big fraud, what I want you to do -- I'm going to set a CMC for September 25th and you can file a joint statement by September 18th.  And that's in those two circumstances, if the schedule needs to be adjusted or you found something that suggests that the plaintiff has been playing games.  Okay?

**MR. WARREN:**  Your Honor, the one additional comment I would make is that we made the decision to move for summary judgment in large part on the basis of the factual record as it was after fact discovery closed, and we believed they had no evidence that was going to be admissible that they could prove up their conception date.  So a large portion of the thought process into deciding to move for summary judgment on that point was the absence of any evidence.

We had discussed with -- Your Honor discussed at the hearing itself, you know, that there was no evidence and it was a large portion of the reasoning of your order.  It was also a large portion of the reasoning for us bringing the motion.

So it seems inequitable, given your rules, that we only get one summary judgment motion.  If we brought our one summary judgment motion based on the factual record that we had after

fact discovery knowing that they would likely lose under the law given that they hadn't marshaled any evidence, to then now after everything has been decided, you've granted our summary judgment motion based on the absence of evidence, we won, to then have them move for reconsideration now to bring in new evidence that they could have brought in the whole time, it would very seriously change our determination on what we should have moved on summary judgment for.  And so --

**THE COURT:**  Are you saying that you want to move for summary judgment, file another motion?

**MR. WARREN:**  Yes, Your Honor.

**THE COURT:**  Well, I'm going to give you the opportunity to put all of that in the joint statement, and then we'll talk about it at the CMC.

If you have -- if you think that you've been prejudiced in some way beyond the fact -- I mean, they had the inventor. They had the drawing.  They had the breadboard, whatever it was.  They thought they had enough.  They didn't have enough because it all came from the inventor.  They didn't go to Mackillop.  They should have.  They didn't.

So now if you've got some other theory on summary judgment that you'd like to present, which will require us to change the schedule, I'm here.  That's fine.  I'll take it up on the 25th. Okay?

**MR. WARREN:**  Yes, Your Honor.

For the record, I just -- I guess we're curious, given the fact that -- you know, one factual issue I wanted to raise that came up in the reply was that they stated that these facts have been known to us, to both sides, the whole time and that there wasn't a Rule 26 or Rule 37 issue, and that's actually incorrect.

So the fact that we had seen the signature on the drawing, we had no idea that that signature also was corroboration for the breadboard.  That wasn't in their interrogatories and that was nowhere in the argument.  Until the reply brief on reconsideration did they say for the first time that we should have known that the corroboration that Mr. Mackillop was going to offer was for the breadboard.

And if Your Honor will recall, the reasoning for the order on summary judgment was the lack of corroboration for the physical breadboard --

THE COURT:  Yeah, I remember.

MR. WARREN:  -- and not the drawing itself.

And so it still seems to me we have a Rule 26 and a Rule 37 issue here that we also want to brief because we don't believe that Mr. Mackillop should be allowed to come to trial given the fact that he was never cited on their disclosures.

THE COURT:  Maybe he shouldn't, and you should definitely raise this in the joint statement.

MR. WARREN:  All right.

THE COURT:  Okay.

All right.  Thank you.

MR. SUDER:  Thank you, Your Honor.

MR. WARREN:  Thank you.

(Proceedings adjourned at 2:24 p.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Monday, August 20, 2018

Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
U.S. Court Reporter