UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTICURRENT, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>POWER INTEGRATIONS, INC., et al.,<br><br>  Defendants. | Case No. 17-cv-03597-WHO<br><br>**ORDER ON MOTION FOR RECONSIDERATION** |

**INTRODUCTION**

Plaintiff Opticurrent, LLC, ("Opticurrent") asks that I reconsider the grant of summary judgment to defendant Power Integrations, Inc. ("PI"), on the issue of whether there is sufficient proof corroborating a reduction to practice of the asserted patent by a February 23, 1997 pre-filing priority date. Because there was no evidence independently corroborating a reduction to practice, I initially found that the relevant priority date was the filing date of January 19, 2001. However, Opticurrent has provided new evidence that establishes that the earlier date was appropriate, and in the interest of justice for the reasons stated below, its motion for reconsideration is GRANTED.

**BACKGROUND**

I incorporate the background discussion in the Order Granting In Part and Denying In Part Motion for Summary Judgment (the "Order"). Dkt. No. 122. The '623 Patent was filed on January 19, 2001 and relates to a circuit design for transistor switches used in semiconductor devices to minimize electric current leakage between terminals. *See* Compl. ¶ 13. James Congdon is the sole named inventor; he claimed that he conceived of the invention on February 23, 1997. *See* Gunter Decl. Ex. 2 (Dkt. No. 105-3). Congdon drew the invention schematics in a notebook that was signed and dated by three other individuals, the earliest being by Kenneth

Mackillop on February 24, 1997.  *See* Headley Decl. Ex. 6 (Dkt. No. 103-8).  Opticurrent pointed to Congdon's "dusty breadboard" as physical evidence of a reduction to practice of the notebook schematic by at least February 23, 1997.  *See* Gunter Decl. Ex. 4 (Dkt. No. 105-5).  It also provided a declaration from an expert, Dr. Zane, opining that as a person skilled in the art he believed the breadboard was consistent with the notebook schematic such that it had to exist as of the date of the drawing.  *See* Opp., Zane Decl. (Dkt. No. 105-19).

In the Order, I found that Opticurrent was not entitled to a pre-filing priority date but that it still raised genuine issues of material fact regarding the validity and infringement issues in this case.  To determine the priority date, I held that Opticurrent did not establish with adequate corroborating evidence that the breadboard was actually reduced to practice according to the signatures and dates on the notebook schematic.  *See* Order at 9-10.  Specifically, the only independent corroboration of the breadboard was the notebook page, which lacked authenticated signatures.  *Id*. at 10 (citing *Singh v. Brake*, 222 F.3d 1362, 1370 (Fed. Cir. 2000) ("Indeed, a notebook page may well show that the inventor *conceived* what he wrote on the page, whereas it may not show that the experiments were *actually performed*, as required for a reduction to practice.") (emphasis in original)).  On that basis, the relevant priority date was the filing date, January 19, 2001, as opposed to the date when the invention was allegedly reduced to practice on February 23, 1997.  *Id*.  PI then made an argument that the patent was invalid because of the later priority date, but this was not dispositive to validity and I found a genuine issue of material fact on that issue.

After I issued the Order, Opticurrent asked leave to file a motion for reconsideration based on Mackillop's affidavit that confirmed his signature and date on the notebook schematic, providing the independent corroboration needed to establish the pre-filing priority date.  I invited the parties to brief the motion for reconsideration given the potential importance of the priority date in this case, and I turn now to that issue.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order under certain circumstances.  A motion for reconsideration is appropriate if the

court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Reconsideration "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). Accordingly, a motion for reconsideration may not be used to raise evidence or argument for the first time that "could reasonably have been raised earlier in the litigation." *Marlyn*, 571 F.3d at 880 (internal quotation marks omitted); *see also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) ("[R]eargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.") (internal quotation marks omitted).

**DISCUSSION**

Opticurrent's motion for reconsideration pertains only to the prior Order's finding that the pre-filing priority date was not established with independent corroborating evidence. The motion is based on Mackillop's affidavit, which Opticurrent argues presents a material difference in facts than those before the court in the prior Order. *See* Reply at 3 ("The affidavit of Mr. Mackillop is clearly a material difference in fact than what was presented to the Court."). The argument is well-taken, and reconsideration is appropriate.

**1. Mackillop's Affidavit**

Mackillop's affidavit states that he witnessed the notebook schematic on February 24, 1997, signed and dated the document, and saw a working prototype of the physical breadboard; essentially filling the gap in corroborative evidence missing during the motion for summary judgment. *See* Mackillop Affidavit ¶¶4-5 (Dkt. No. 125-1). The affidavit independently corroborates the actual reduction to practice of the '623 Patent invention, and supports a different outcome than the Order's priority date finding.

3

A basic principle of reconsideration is that this motion may not be used to present evidence or argument for the first time that "could reasonably have been raised earlier in the litigation." *Marlyn*, 571 F.3d at 880. PI challenges Opticurrent's reasonable diligence to bring this evidence sooner. It argues that Opticurrent was served invalidity contentions in 2016, placing the invention priority date at issue long before the summary judgment order. *See* Opp. Ex. C at 5. Opticurrent does not meaningfully dispute that the priority date was at issue, but in its own briefing contends that "Mackillop's testimony is further evidence to establish the priority date of the invention which Plaintiff has set forth since May 2017." Reply at 2. But the fact that the priority date was an issue early on, or that Mackillop was known at the time, does not necessarily show Opticurrent's failure to raise it earlier without reasonable diligence.

Opticurrent previously presented evidence regarding a pre-filing priority date, which it adamantly argued was sufficient: the notebook schematic; the breadboard itself; and the declaration of a person skilled in the art, Dr. Zane, opining that the breadboard existed at the same time as the schematic because of the matching pin layouts and assignments. It did not obtain Mackillop's affidavit at the time because it believed it was not necessary. That is seldom a good strategy; obviously, it should have gotten it sooner. But I do not doubt that it had a good faith belief that its evidence was sufficient without it.

I originally thought that whether Opticurrent had provided sufficient information for the earlier priority date was a close call. Adding the Mackillop affidavit to that evidence undeniably corroborates the pre-filing priority date, and it would be unjust not to consider it. The Mackillop affidavit presents new facts establishing the independent corroboration of the '623 Patent's invention by February 23, 1997. Reconsidering the priority date issue with this new evidence does not improperly advance a materially different argument that was unknown to PI at the time of the prior Order, and in the interests of justice I grant the motion and find the earlier priority date.

### 2. Prejudice

PI raises prejudice concerns if the new evidence is considered. It argues that if the new priority date is found, it will need to reopen discovery and will suffer significant additional expenses. Specifically, it asserts that it will need to send out new document subpoenas, depose

4

Mackillop, depose Congdon for a third time, file a second summary judgment motion, file new expert reports, and set a new trial date and schedule. Opticurrent responds that there is no need for new discovery because PI has been aware of their priority date position and legal theory in this case for some time.

In light of the new affidavit, which I consider for the limited purpose of establishing corroboration of the pre-filing date, at the moment I see no need to reopen discovery or to change the trial schedule. While the Order analyzed, and rejected, the pre-filing priority date, it nonetheless found that there was a genuine issue of material fact regarding invalidity of the '623 Patent. *See* Order at 11-12. A second motion for summary judgment does not seem warranted. Nor is it obvious why a third deposition of Congdon is necessary; the parties were aware of Mackillop because his name was on Congdon's notebook schematic, and PI had ample opportunity to depose Congdon about the signatories and develop a defense regarding the priority date issue.

However, Opticurrent should have produced the Mackillop affidavit with the original motion papers. PI may take Mackillop's deposition, which should occur on or before September 7, 2018. The cost of the transcript, court reporter's fee, travel (if required) and two hours of the PI's lawyer's time who is taking the deposition shall be paid by Opticurrent. The deposition is limited to 7 hours. If PI asserts after the deposition that the case schedule needs to be adjusted or that it should be entitled to file a second motion for summary judgment or some other motion, the parties should meet and confer and file a Joint Case Management Statement by September 18, 2018 that explains their positions. A Case Management Conference will be held on September 25, 2018 at 2:00 p.m. In addition, if PI asserts that Opticurrent's representations with respect to the priority date are false, it should raise that in the Joint Statement.

## CONCLUSION

Reconsideration of a summary judgment order is an "extraordinary remedy," but it is a remedy that is appropriate here to avoid an unjust outcome on the factual question of the correct priority date. *Carroll*, 342 F.3d at 945. Accordingly, the motion for reconsideration is GRANTED and the new relevant priority date is February 23, 1997. The parties shall proceed

with Mackillop's deposition as described above and raise any related issues at the Case Management Conference on September 25, 2018.

**IT IS SO ORDERED.**

Dated: August 17, 2018

William H. Orrick
United States District Judge