Pages 1-11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

OPTICURRENT, LLC,                    )  Case No.   17-cv-03597-WHO
                                     )
            Plaintiff,               )  San Francisco, California
                                     )  Tuesday, September 25, 2018
     vs.                             )
                                     )
POWER INTEGRATIONS, INC.,            )
et al.,                              )
                                     )
            Defendants.              )
_____)


TRANSCRIPT OF CASE MANAGEMENT CONFERENCE
BEFORE THE HONORABLE WILLIAM H. ORRICK
UNITED STATES JUDGE


APPEARANCES:

For Plaintiff:                  JONATHAN T. SUDER, ESQ.
                                Friedman, Suder & Cooke
                                604 East 4th Street, Suite 200
                                Fort Worth, Texas 76102
                                (817) 334-0400

                                LEWIS E. HUDNELL, ESQ.
                                Hudnell Law Group P.C.
                                800 W. El Camino Real, Suite 180
                                Mountain View, California 94040
                                (650) 564-7720

For Defendant:                  MICHAEL R. HEADLEY, ESQ.
                                Fish & Richardson P.C.
                                500 Arguello Street, Suite 500
                                Redwood City, California 94063
                                (650) 839-5070


Proceedings recorded by electronic sound recording; transcript produced by transcription service.

2

APPEARANCES:   (Cont'd.)

Transcription Service:          Peggy Schuerger
                                Ad Hoc Reporting
                                2220 Otay Lakes Road
                                Suite 502-85
                                Chula Vista, California 91915
                                (619) 236-9325

SAN FRANCISCO, CA   TUESDAY, SEPTEMBER 25, 2018   2:10 P.M.

--oOo--

THE CLERK:  Calling civil matter 17-3597, Opticurrent, LLC v. Power Integrations, Inc., et al.  Counsel, please come forward and state your appearance.

MR. SUDER:  Good morning, Your Honor.  John Suder and Lewis Hudnell for the Plaintiff.

THE COURT:  Good afternoon.

MR. HEADLEY:  Good afternoon, Your Honor.  Michael Headley, Fish & Richardson, on behalf of Power Integrations.

THE COURT:  Welcome.  All right.  So let me tell you what I'm thinking about in light of the case management statement. I'm not going to reconsider my order on the motion to reconsider. I will allow the motion for summary judgment, a second one, to be filed in light of the changed conditions.

And I'm thinking of this schedule.  Would you be able to file by October 10th?

MR. HEADLEY:  It's possible, Your Honor.  The one question I had here was that opposing counsel had flagged an October 15th deadline that they had asked for for *Daubert* motions, and we have a strong damages *Daubert* challenge as the Court may be used to seeing in patent cases certainly, but -- with several key issues to be flagged here.

And I'm going to be in trial for two weeks, first two weeks in November.

THE COURT:  So you really need to get it done on October 10th.

MR. HEADLEY:  So we need to get it done or, at the very least, I want to get a schedule set so we're not subject to the vagaries of when people get around to filing, something like that.

THE COURT:  So here's --

MR. HEADLEY:  So if we do the 10th --

THE COURT:  Go ahead.

MR. HEADLEY:  The 10th would then be -- maybe if we could ask for some slight flexibility in terms of not just two weeks on oppositions, given travel arrangements and the trial prep, something like that to get it done.  October 10th is fine with us or --

THE COURT:  Well, what I was trying to do was to arrange a schedule that would get this done sort of consistently with the remainder of the schedule, which you've got a trial date that you're covering of what? -- the 4th of February?

MR. SUDER:  Yes.  Yes, sir.

THE COURT:  So -- and does that mean that we've got a pretrial around the 7th of January?

MR. SUDER:  Yes.

THE COURT:  And the pretrial calendar is -- the pretrial conference is usually the time that I'm taking up the *Dauberts* if I'm not doing them with a dispositive motion.  If you wanted to do them all at once and set a date in December, I -- that would be

fine because there's enough that you have to do.

I was going to try and get you a hearing date in mid-November for the summary judgment motion because I thought that might help with the analysis on whether you're going to settle or not.  So if we did it on normal motion, you'd have October -- you file on October 10th, opposition the 24th, reply the 1st, and the hearing would be on November 15th.

MR. HEADLEY:  Our final pretrial conference is November 1st.  We're actually in Delaware starting that whole week.

THE COURT:  Okay.

MR. HEADLEY:  But -- and I'm in Delaware from the 29th through the 16th in trial -- it's actually two trials back to back, one one week and one another.  So there's --

THE COURT:  Aren't you lucky?

MR. HEADLEY:  Yeah, indeed.

THE COURT:  Well, and I --

MR. HEADLEY:  Your Honor's --

THE COURT:  Go ahead.

MR. HEADLEY:   -- suggestion of December is probably easier just because the first date I heard from the earlier hearing was the 28th which we could do but then, backing out from that, it's a bit complicated in terms of filing dates and, honestly, without -- I think the *Daubert* motions are more likely to move the needle with Plaintiff's perception of the value of their case than any summary judgment motion.

6

THE COURT: So what if we had December 5th as a hearing date for both of the motions and you guys could come up with a schedule that worked best for you.

MR. SUDER: That's fine, Your Honor. May I be heard on the summary judgment issue?

THE COURT: Of course.

MR. SUDER: Your Honor, conception has always been known in this case. Since the first interrogatory answers, counsel took Mr. Congdon's deposition twice, asked him about that drawing and conception, had him circle -- and it's in the record -- all the elements in the drawing.

And then our expert in the summary judgment opined on what that meant that he was "skilled in the art," as you referenced. And the record has been established that to one skilled in the art and to the inventor, this schematic shows my conception, and they knew that. And they never refuted it in the summary judgment. They did not oppose Dr. Zane's declaration with a contrary declaration that this doesn't show conception or anything of that sort. So I think we're just -- we're re-plowing ground that I think the evidence before the Court now in this summary judgment, when the Court found that there was sufficient corroboration of conception -- the only issue was corroboration of reduction to practice -- that they now want to go back and say, "Well, Your Honor, this schematic doesn't show conception." I don't see how they should be allowed to be able to do that when they've known

7

about that and deposed him and heard our expert on it, chose not to depose our expert, and now because the Court reconsidered, says, "Oh, Judge, we've got to -- we want to file another summary judgment because their conception's all wrong."

THE COURT:  Well, Mr. Suder, I appreciate that, but it also appears that you knew about Mr. Mackillop for a very long time and you didn't bring him forward, and so I'm not going to listen to or I'm not going to change my perspective that the Defendant's entitled to take a shot here in light of -- in light of my leniency in allowing Mr. Mackillop to come back into the case.

MR. SUDER:  Fair enough, Your Honor.  I took a shot.

THE COURT:  Okay.

MR. HEADLEY:  Your Honor, opposing counsel raises a good point, though.  There was a comment in the reconsideration order suggesting that priority had been established definitively.

THE COURT:  Right, and it's not -- I saw your point and it hadn't been contested yet.  You're going to contest it, so it's not established as a fact.

MR. HEADLEY:  Thank you.

THE COURT:  I don't know that you're going to be able to -- who knows.

MR. HEADLEY:  Right.

THE COURT:  But I'm going to allow you to take your shot.

8

MR. SUDER:  And, Your Honor, and just for the record, in our response, we've stated they could argue it before trial, even though the Court made that statement.  We made the statement to the Court that we recognize that they should still be entitled to take their shot in front of the jury.

THE COURT:  Okay.  So I was going to say that.

And then -- and then with respect to Mackillop, now that he's been deposed -- besides the fact that he wasn't disclosed when he should have been -- is there any prejudice that your client faces by having him testify as a witness?

MR.  HEADLEY:  Well,  we  certainly  think  there  is prejudice both in terms of having to re-do this discovery.  We have to re-do summary judgment.  I mean, quite frankly, we feel like we're being punished for trying to file an early summary judgment motion to streamline the case by then having one summary judgment allowed a do-over on discovery.  So for us, all of this expense now is all added and should have been unnecessary.  Had we filed our summary judgment motion -- tomorrow was actually the original deadline for summary judgment -- there's no chance this witness would ever have been dredged up in response to summary judgment, Rule 37.  It's very untimely.  So from our perspective, extra summary judgment is a burden.  New witness.  We haven't had a  deposition  of  Mr.  Congdon  regarding  his  dealings  with  Mr. Mackillop.

We certainly want to make sure, at the very least, that our

expert is allowed to discuss this new deposition -- and he obviously wasn't before and didn't have the benefit of that. Whatever form that takes, maybe we can discuss that with opposing counsel, but I don't want to start hearing arguments that our expert who served the report, Summer (ph), didn't talk about Mackillop's testimony. Whether that's another expert report or some kind of a supplement or something, I don't know -- but we want to make sure that there's no gamesmanship from our opponents now that they've got this last-minute witness.

Those are the main things I would identify. Obviously, we will raise our summary judgment motion and our *Daubert* motion. We think those will significantly impact the remainder, what, if anything, remains of the case after those two motions.

The parties, obviously, have our mandatory settlement conference in December. The Court's guidance should be helpful.

THE COURT: Okay. Well, so I'm not hearing the kind of prejudice that I would need to exclude him from testifying. I do agree with you that you shouldn't be put at a disadvantage with respect to anything that was -- anything that their expert wrote prior to his -- Mr. Mackillop's emergence into the case. I assume that the two of you can work out how to deal with that in an even-handed way and, if you can't, then bring it to me and I will.

MR. SUDER: We will, Your Honor. And may I ask: Is the motion for summary judgment limited to the issue of conception? We're not going to see other validity-type summary judgments and

10

non-infringement.

THE COURT:  It's going to be -- I'm assuming that we're just talking about --

MR. HEADLEY:  That there's no evidence linking the 810 document to the --

THE COURT:  Yes.

MR. HEADLEY:  -- asserted claim of the -- exactly. That's the issue.  Yes.  We will brief that one issue, in addition to filing our *Daubert* motion, and it's the damages expert at that time.

THE COURT:  Okay.  All right.

MR. HEADLEY:  And then --

THE COURT:  Go ahead.

MR. HEADLEY:  Pardon me.  Well, just to make -- is the Court okay if we tamper with the briefing schedule a little bit to work backwards from there?  Because they had offered an October 15th start.

THE COURT:  Oh, yes.  So --

MR. SUDER:  That's what I understood.

THE COURT:  So, yes -- so the two of you -- I'd suggest you just go upstairs to the 18th floor and work out what the schedule is.  But as long as I get two weeks from the last brief so that I can have time to look at it, that's all I care about.

MR. SUDER:  The hearing will be on -- we'll work backwards from the 5th.

11

THE COURT:  Yes.

MR. SUDER:  Yes, sir.

THE COURT:  Okay.

MR. SUDER:  Thank you, Judge.

THE COURT:  All right.  Thank you.

(Proceedings adjourned at 2:20 p.m.)


I, Peggy Schuerger, certify that the foregoing is a correct transcript from the official electronic sound recording provided to me of the proceedings in the above-entitled matter.


      /S/ Peggy Schuerger                October 5, 2018
Signature of Approved Transcriber        Date


Peggy Schuerger
Typed or Printed Name
**Ad Hoc Reporting**
Approved Transcription Provider
for the U.S. District Court,
Northern District of California