UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

| **Date:** January 7, 2019 | **Time:** 43 minutes<br>1:51 p.m. to 2:34 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 17-cv-03597-WHO | **Case Name:** Opticurrent, LLC v. Power Integrations, Inc. | |

**Attorneys for Plaintiff:**    Jonathan T. Suder and David Ross Gunter
**Attorneys for Defendants:**    Frank E. Scherkenbach, Michael R. Headley, Neil A. Warren, and John W. Thornburgh

**Deputy Clerk:** Jean Davis                          **Court Reporter:** Ana Dub

PROCEEDINGS

Counsel appear for hearing on motions in limine and pretrial conference. Court provides tentatives and hears argument. In consideration of the memoranda, relevant pleadings and the argument of counsel, IT IS ORDERED that:

Plaintiff's Emergency Motion to Supplement the Report of Larry Evans (Dkt. No. 178) is denied. I adopt the tentative that I gave at the outset of the hearing. There are too many deficiencies in Evans's analysis; instead of providing a supplement, Evans would have to provide a new report on fundamental issues like who the proper party[1] for the hypothetical negotiation is and how to evaluate apportionment. He lacks competence to testify regarding Energy Star compliance and makes conclusory analyses based on "experience" that are impossible to test or replicate. He equates the negotiating strength of Opticurrent and the inventor, which is not realistic. Instead of following reliable principles and methods using sufficient facts or data, he simply became a mouthpiece for plaintiff's theory of damages in violation of Federal Rule of Evidence 702 standards.

The cases cited by plaintiff are not analogous to this one for a critical reason: there is not simply one thing that is deficient in Evans's opinion. Given the fundamental flaws I identified in my Order of December 21, 2018 at pages 14 – 29 (Dkt. No. 174), it is not possible for Evans to draw only on his original report and supporting materials to supplement his opinion; he would need a do-over.

---

[1] Plaintiff noted that defendant's expert Ned Barnes also chose Opticurrent rather than Mr. Congdon as the willing licensor. That does not affect plaintiff's burden to opine on the hypothetical negotiation as performed by the proper parties

I recognize the harm that this ruling does to plaintiff's case. But prejudice cuts both ways. I will not overlook that this is the third significant case event in which plaintiff has failed to submit critical information. We are on the eve of trial, and any revision of Evans's report and the resulting *Daubert* practice will require an unnecessary delay of the case and expense. Because of my trial calendar, which includes a several months-long RICO trial starting on May 1, 2019 and at least four other trials before that which appear not to be settling, I would need to continue this case until the fall of 2019 if it does not proceed in February. Moreover, it is possible, although not desirable, for plaintiff to proceed without a damages expert. *See Apple v. Motorola*, 757 F. 3d 1286, 1327 (Fed. Cir. 2014) ("If a patentee's evidence fails to support its specific royalty estimate, the fact finder is still required to determine what royalty is supported by the record."). Given my determination that essentially a new report, and not a minor supplement, is necessary, and for the reasons stated, I deny plaintiff's motion. No further written order will be forthcoming.

With respect to the motions in limine, most of the issues are either moot or are ones that need to be addressed at trial. That said:

Plaintiff 1:   Defendants may not disparage plaintiff's business model or activities but may point out facts relevant to obviousness and damages;
Plaintiff 2:   Unrelated legal proceedings should not be referenced except that cross-examination is proper to highlight inconsistency in prior testimony in other cases;
Plaintiff 3:   Moot given the Court's December 21st order;
Plaintiff 4:   Agreed that there should be no denigration of the Patent Office or process;
Plaintiff 5:   Moot given ruling on Evans's testimony;
Plaintiff 6:   Agreed—experts must stick to previously disclosed opinions in their reports and supplemental declarations (unless the declarations raised new issues);
Plaintiff 7:   Agreed—expert testimony should be limited to the report;
Plaintiff 8:   Denied without prejudice; however, I suspect that cross-examination is the remedy for inconsistent testimony given by a FRCP 30(b)(6) witness;
Plaintiff 9:   Denied without prejudice; defendant's other patents are possibly relevant.

Defendant 1:   Unrelated legal proceedings should not be referenced (see plaintiff's #2);
Defendant 2:   Moot given ruling on Evans's testimony;
Defendant 3:   Moot given the Court's December 21st order;
Defendant 4:   Denied without prejudice. It is inappropriate to use a base that misleadingly suggests an inappropriate range for damages, but it is unclear that reference to total revenue as the starting point for the damages calculation is inappropriate. The relevant part of *Virnetz, Inc. v. Cisco Systems*, Inc., 767 F. 3d 1308, 1327 (Fed. Cir. 2014), which defendant cited at the hearing, concerned a jury instruction regarding the entire market value rule. That was an instruction related to apportionment, not a methodology as described by plaintiff at the hearing.

The Court advises counsel that this matter will trail a more senior case that is also set for February 4, 2019. The parties may plan on jury selection occurring on **February 15, 2019** with

presentation of evidence commencing on **February 19, 2019**.  The Court sets a telephonic Case Management Conference for **January 22, 2019 at 2:00 p.m.** to confirm the trial schedule.

In light of the parties' estimate that trial will take five trial days**, the parties are allotted 11.25 hours per side to try the case, inclusive of opening and closing argument** (which may total no more than 2 hours).