Lewis E. Hudnell, III (CASBN 218736)
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.7720
F: 347.772.3034
lewis@hudnelllaw.com

Jonathan T. Suder (admitted *pro hac vice*)
Corby R. Vowell
Dave R. Gunter
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX  76102
T: 817-334-0400
F:  817-334-0401
vowell@fsclaw.com
jts@fsclaw.com
gunter@fsclaw.com

ATTORNEYS FOR PLAINTIFF
OPTICURRENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPTICURRENT, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>POWER INTEGRATIONS, INC.,<br><br>Defendant. | CASE NO. 17-cv-03597-WHO<br><br>**PLAINTIFF'S EMERGENCY MOTION REGARDING USE OF F.R.E. 1006 SUMMARIES**<br><br>DATE:<br>TIME:<br>JUDGE:   Hon. William H. Orrick |

In light of the Court's ruling regarding Larry Evans, Plaintiff brings this emergency motion regarding the use of F.R.E. 1006 summaries relating to the number of infringing units and sales figures of Defendant at trial, showing the Court the following:

Larry Evans was going to identify the proper royalty base at trial based on Defendant's documents. He, with the assistance of counsel, prepared exhibits that were attached to his report

and that were not objected to by Power Integrations or otherwise the subject of Defendant's *Daubert* motion.

The underlying documents are spreadsheets each containing tens of thousands of rows of data that show the infringing products and their sales figures dating back to the applicable time period beginning in 2010 and are not in dispute. (See Declaration of Corby R. Vowell attached hereto, at ¶1). They were produced by Power Integrations and are on the parties' joint exhibit list. (See Exh B. to Joint Pretrial Statement, Dkt. 172-3, Trial Exhibits 46, 47, 52).

Rule 1006 allows for admission of summaries of evidence based on voluminous records that cannot readily be presented in evidence to a jury and comprehended. *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011). The party offering a summary exhibit must establish that the underlying materials upon which the summary exhibit is based (1) are admissible in evidence and (2) were made available to the opposing party for inspection. *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th. Cir. 1996).

Here, the underlying documents are extremely voluminous including tens of thousands of rows of data in spreadsheets that were produced in native form. (Vowell Decl., at ¶ 1). In addition, Power Integrations' 30(b)(6) witness on sales related topics confirmed that the spreadsheets were the reports that Power Integrations generates on a monthly basis in its ordinary course of business. (Vowell Decl., at ¶ 2). The spreadsheets are admissible at trial, both as admissions by a party opponent and as business records. Consequently, summary charts generated from these spreadsheets should be deemed admissible under F.R.E. 1006. See *Amarel v. Connell*, 102 F.3d 1494 at 1516.

Should the Court require a separate witness to proffer these summaries at trial, Plaintiff believes that its corporate representative, Brad Brunell, should be allowed access to these spreadsheets containing Power Integrations' confidential sales information, but only under the terms of the Protective Order. He is not a competitor or otherwise a threat to Defendant in terms of seeing this information. Plaintiff is asking that Mr. Brunell be allowed to view this information, if necessary, to attest to the accuracy of the summaries and offer them into evidence. So far, Defendant has not indicated a willingness to allow Mr. Brunell to see this

1  information. There is no reason Mr. Brunell should not be allowed to see this information for
2  this limited purpose.[1]

3  Alternatively, Corby Vowell, one of Plaintiff's attorneys who is familiar with the
4  documents, assisted in preparation of the exhibits to Mr. Evans' report, and examined the
5  corporate representative of Defendant on this information, can also provide the predicate for the
6  use of the summaries to the extent the Court believes such is necessary. Mr. Vowell is not on the
7  witness list and under Ninth Circuit case law, it is unclear whether such a proffer needs to be
8  made in front of the jury. If necessary, Plaintiff asks that Mr. Vowell be allowed to make this
9  offer of proof such that the F.R.E. 1006 summaries can be admitted into evidence. See *Colón-*
10 *Fontánez v. Municipality of San Juan*, 660 F.3d 17, 29-32 (1st Cir. 2011). (allowing a paralegal
11 employed by outside counsel to testify as proffering witness for summaries that she prepared).

12 Because there is a case management conference set for January 22, 2019 in this matter,
13 Plaintiff has filed an administrative motion asking for expedited relief such that Defendant be
14 ordered to file a response to this motion by Friday, January 18, 2019 so that it can be heard at the
15 case management conference.

By:   /s/ Jonathan T. Suder
Jonathan T. Suder
Corby R. Vowell
Dave R. Gunter
Friedman, Suder & Cooke

Lewis E. Hudnell, III
Hudnell Law Group P.C.

ATTORNEYS FOR PLAINTIFF
OPTICURRENT, LLC

**CERTIFICATE OF CONFERENCE**

---

[1] Plaintiff has asked of Defendant that they stipulate to the use of the summaries given that the data is not in dispute, and Defendant has not yet indicated if it will agree. Obviously, if stipulated, then all of this would be obviated and Defendant should be willing to confer with Plaintiff and attempt in good faith to reach a stipulation regarding the use of the summaries.

    I hereby certify that on January 15, 2019, counsel for Plaintiff sought Defendant's consent on the relief requested herein. Counsel for Defendant has confirmed that it is opposed to Plaintiff's efforts.

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above document was served on all counsel of record via the Court's ECF system on January 15, 2019.

/s/ Jonathan T. Suder