Frank E. Scherkenbach (CA SBN 142549)
scherkenbach@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210-1878
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Michael R. Headley (CA SBN 220834)
headley@fr.com
Neil A. Warren (CA SBN 272770)
warren@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

John W. Thornburgh (CA SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Attorneys for Defendant
POWER INTEGRATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPTICURRENT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> POWER INTEGRATIONS, INC., <br><br> Defendant. | Case No. 3:17-cv-03597-EMC <br><br> **POWER INTEGRATIONS' OBJECTIONS TO NON-ACCUSED PRODUCTS IN TX-210 AND TX-211** |

Pursuant to the Court's instructions at the February 11, 2019 pretrial conference, Defendant Power Integrations, Inc. ("PI"), hereby details the non-accused products that appear in Plaintiff's proposed "summaries" TX-210 and TX-211.

(1) ***TX-210 and TX-211 include many products not discussed in Plaintiff's expert report on infringement.*** The relevant pages from Dr. Zane's expert report (pages 19-25) are attached as Exhibit A. Dr. Zane includes four accused product families and identifies which products are included in each family, as follows:

- **LNK585 and LinkZero-AX Family.** Dr. Zane says the LNK585 represents the LNK584DG, LNK584GG, LNK585DG, LNK585GG, LNK586DG, and LNK586DG. (Ex. A at 20.)

- **The LNK605 and LinkSwitch-II Family.** Dr. Zane says the LNK605 or LNK603 represents the LNK603PG/DG, LNK613PG/DG, LNK604PG/DG, LNK614PG/DG, LNK605PG/DG, LNK615PG/DG, LNK606PG/DG, LNK616PG/DG, and LNK632DG. (Ex. A at 22.)

- **The TNY179 and TinySwitch-LT Family.** Dr. Zane says the TNY179 represents the TNY174PN, TNY175PN, TNY176PN, TNY177PN, TNY178PN, TNY179PN, and TNY180PN. (Ex. A at 23.)

- **The TNY277 and TinySwitch III Family.** Dr. Zane says the TNY277 represents the TNY274P, TNY274G, TNY275P, TNY275G, TNY276P, TNY276G, TNY277P, TNY277G, TNY278P, TNY278G, TNY279P, TNY279G, TNY280P, and TNY280G. (Ex. A at 24-25.)

By contrast, TX-210 and TX-211 include the following products which are not discussed by Dr. Zane and not included in any of his family groupings: DAP021, SC1011, SC1128, SC1129, SC1138, TNY375, TNY376, TNY377, TNY378, TNY379, TNY380 (*e.g.*, TX-211 at 1); DAP021, LNK623, LNK624, LNK625, LNK626, SC1097, SC1098, SC1099, SC1103, SC1104, SC1106, SC1125, SC1126, SC1132, SC1135, SC1139 (*e.g.*, TX-211 at 2); LNK574, LNK576, SPS1013P-TL (*e.g.*, TX-211 at 3).

These newly added parts would inject distinct new product families – with different circuits, schematics, and datasheets – into the case. For example, the TNY375, TNY376, TNY377, TNY378, TNY379, and TNY380 belong to the "TinySwitch-PK" family of products, which were never accused. (*See* Ex. B.) The LNK574 and LNK576 belong to the "LinkZero-LP"

family of products, which were never accused.  (*See* Ex. C.)  And the LNK623, LNK624, LNK625 and LNK626 belong to the "LinkSwitch-CV" family of products, which were never accused.  (*See* Ex. D.)

(2) **The same products listed in Dr. Zane's report are also listed in Plaintiff's infringement contentions.**  In October 2017, the Court granted Plaintiff leave to drop its accusation of the PI's GX prior art (Dkt. No. 96).  That was the last time Plaintiff sought to amend its infringement contentions, so Plaintiff's contentions dated May 2017 are the latest.  These were filed as Dkt. No. 64-2.  Like Dr. Zane's report, these contentions make no mention of the new products listed in TX-210 and TX-211.  The claim charts attached to Plaintiff's infringement contentions also define the accused product families in the same way as Dr. Zane.[1]

While the Local Rules permit the use of representative products in some circumstances, "Rule 3-1(b) does not permit parties to identify accused products by using categorical or functional identifications, or limited, representative examples."  *Geovector Corp. v. Samsung Elecs. Co.*, No. 16-CV-02463-WHO, 2017 WL 76950, at *4-5 (N.D. Cal. Jan. 9, 2017); *Vigilos LLC v. Sling Media Inc.*, No. 11-c-04117-SBA (EDL), 2012 WL 9973147, at *4 (N.D. Cal. July 12, 2012) ("Plaintiff's general list of products by category or functionality is insufficient, and Plaintiff must provide a list of accused products."); *Oracle Am., Inc. v. Google Inc.*, No. 10-c-03561-WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sept. 26, 2011) (The Patent Local Rules [do] not tolerate broad categorical identification like 'mobile devices running Android,' nor [do] they permit the use of mere representative examples.  Representative examples may be a useful tool for proving an infringement case at trial, but a full list of accused products must be disclosed as part of a party's infringement contentions.").

Thus, since Plaintiff failed to identify these newly-proposed products in its infringement contentions, they are not properly part of this case.

(3) **The problem became apparent when Plaintiff produced TX-210 and TX-211 shortly before the pretrial conference.**  TX-210 and TX-211 are not the same as Mr. Evans's previous

---

[1] The claim charts were not previously filed, but PI is happy to provide the Court with a copy if it wants to review them.

summaries, and he did not include the level of detail required to understand that Plaintiff was actually including non-accused products in any revenue summaries. Indeed, Opticurrent's damages expert made no mention whatsoever of any of the newly-proposed products anywhere in his report.

(4) ***Plaintiff cannot properly rely on the deposition testimony of fact witnesses to add accused products at this late date.*** The Northern District has strict rules about seeking leave to amend infringement contentions. Plaintiff was permitted to amend its infringement contentions in 2017, but Plaintiff never sought leave to add the products at issue now. Moreover, Dr. Zane actually cites the deposition testimony of PI's technical fact witness, Mr. Kung, in his identification of the accused products. (*E.g.*, Ex. A at 20 ("As I understand from PI_OPT0000001, the deposition of David Kung dated May 23, 2017 ("Kung Depo.") at 17:17-33, 27:1-10, 47:9-48:6, 52:23-53:22 and Power Integrations' Response to Interrogatory No. 6, the LNK585 device is representative of the infringement of each of the following LinkZero-AX products…"). If Dr. Zane had interpreted Mr. Kung's testimony to suggest additional products fell within each family, he should have included that opinion in his report, and Plaintiff should have sought leave to amend its infringement contentions. In addition, Plaintiff cannot reasonably rely on PI's marketing witness, Mr. Sutherland, for technical issues. Dr. Zane does not rely upon Mr. Sutherland's deposition for any purpose. In any event, Mr. Sutherland's discussion of PI product families pertained to how PI groups products for *financial reporting* purposes; it cannot be used to make inferences about whether different products have the same circuitry.

(5) ***Conclusion***. Plaintiff should be required to remove non-accused products from its summaries. The jury should not be asked to resolve this dispute, as the Local Rules require identification of accused products well before trial. PI was deprived of an opportunity in discovery to address these products.

1  Dated: February 12, 2019				FISH & RICHARDSON P.C.

				By: /s/ Michael R. Headley
				    Michael R. Headley

				Attorneys for Defendant
				POWER INTEGRATIONS, INC.