Lewis E. Hudnell, III (CASBN 218736)
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.7720
F: 347.772.3034
lewis@hudnelllaw.com

Jonathan T. Suder (admitted pro hac vice)
Corby R. Vowell
Dave R. Gunter
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX  76102
T: 817-334-0400
F:  817-334-0401
vowell@fsclaw.com
jts@fsclaw.com
gunter@fsclaw.com

ATTORNEYS FOR PLAINTIFF
OPTICURRENT, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA,

## SAN FRANCISCO DIVISION

| | |
|---|---|
| OPTICURRENT, LLC<br><br>Plaintiff,<br><br>vs.<br><br>POWER INTEGRATIONS, INC.,<br><br>Defendant. | CASE NO. 3:17-cv-03597-EMC<br><br>**PLAINTIFF'S OBJECTIONS TO THE PROPOSED JURY INSTRUCTIONS** |

1

Pursuant to the Court's Order dated February 12, 2019, Plaintiff hereby submits its objections to the Court's Proposed Jury Instructions (Dkt. No. 234).

I. **Preliminary Instructions:**

   A. **Exclusion of Plaintiff's Preliminary Instruction No. 16**

The Court did not adopt Plaintiff's Preliminary Instruction No. 16, which contained an overview of the law. Plaintiff's only remaining objection to the exclusion of this instruction is that there is no longer any mention in the Preliminary Instructions as to infringement under the Doctrine of Equivalents. To the extent the Court maintains the exclusion of Plaintiff's Preliminary Instruction No. 16, Plaintiff would respectfully request that the Court insert the Doctrine of Equivalents language in the Court's current Jury Instruction No. 14. Specifically, this language would be most appropriate in the paragraph found in the Court's Jury Instruction No. 14 (additional language in underline):

> "Your job will be to decide whether claim 1 of the '623 patent has been infringed. <u>If you decide that any of Power Integrations' products do not literally infringe an asserted patent claim, you must then decide whether that product infringes the asserted claim under what is called the "doctrine of equivalents." Under the doctrine of equivalents, the product can infringe an asserted patent claim if it includes parts that are identical or equivalent to the requirements of the claim.</u> If you decide that claim 1 of the '623 patent has been infringed, you will then need to decide any money damages to be awarded to Opticurrent to compensate it for the infringement."

The Court has included instructions related to infringement under the Doctrine of Equivalents in the final Jury Instructions. Plaintiff believes it is appropriate to also include mention in the preliminary Jury Instructions.

   B. **Objection to Burden of Proof Language in Jury Instruction No. 15**

Plaintiff objects to some language included in the Court's Jury Instruction No. 15 which addresses two different burdens of proof. Specifically, the language as it stands discusses a preponderance of the evidence burden, as well as the clear and convincing evidence burden. Now that validity issues are removed from the case, the clear and convincing evidence standard is no longer relevant. The Court removed references to the clear and convincing evidence standard from all the other instructions. Plaintiff respectfully requests the Court to remove reference to this higher standard in Jury Instruction No. 15 as well. Plaintiff would propose the

following language for Jury Instruction No. 15 (additional language in underline, strike through indicating removed language):

> "The presentation of evidence will then begin. Witnesses will take the witness stand and the documents will be offered and admitted into evidence. ~~There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues you must decide whether something is more likely true than not. On other issues, you must use a higher standard and decide whether it is highly probable that something is true.~~ <u>The standard of proof that you will apply to the evidence is to decide whether something is more likely true than not</u>.

The above language is consistent with the rest of the Court's Jury Instructions.

## II. **Final Instructions:**

Plaintiff objects to Jury Instruction No. 35 related to a reasonable royalty. As part of this instruction, the Court includes the following paragraph to which Plaintiff objects:

> "In this case the '623 patent covers only one component of the products that Power Integrations uses or sells. It is Opticurrent's burden to demonstrate what value that component has added to the desirability of the product as a whole and to separate the value of the patented contribution form the value of other product part that are not attributable to the patented invention."

Neither party included this language in their respective Proposed Jury Instructions. Plaintiff specifically objects to the Court instructing the jury that the '623 patent only covers one component of Power Integrations' products. This is contrary to the evidence that will be presented at trial and that Plaintiff has submitted to the Court in previous filings. Plaintiff believes this portion of the instruction would be prejudicial as it makes an affirmative statement as to the value of the invention and will be confusing to the jury. Defendant is free to argue this as part of its case. But for the Court to do so effectively amounts to a comment on the evidence. The Court has already included language in the Instruction that adequately informs the jury that it "must reflect the value attributable to the infringing features of the product, and no more." Plaintiff respectfully requests that the Court strike this paragraph from Jury Instruction No. 35.

| | |
|---|---|
| Dated: February 13, 2019. | Respectfully submitted, |
| | */s/ Jonathan T. Suder*<br>Corby R. Vowell<br>Dave R. Gunter<br>FRIEDMAN, SUDER & COOKE |
| | Lewis Hudnell, III<br>Hudnell Law Group, P.C. |
| | ATTORNEYS FOR PLAINTIFF<br>OPTICURRENT, LLC |

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 13th day of February, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of California, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                      */s/ Jonathan T. Suder*