Frank E. Scherkenbach (CA SBN 142549)
*scherkenbach@fr.com*
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210-1878
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Michael R. Headley (CA SBN 220834)
*headley@fr.com*
Neil A. Warren (CA SBN 272770)
*warren@fr.com*
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

John W. Thornburgh (CA SBN 154627)
*thornburgh@fr.com*
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Attorneys for Defendant
POWER INTEGRATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPTICURRENT, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>POWER INTEGRATIONS, INC.,<br><br>         Defendant. | Case No. 3:17-cv-03597-EMC<br><br>**POWER INTEGRATIONS, INC.'S OBJECTIONS TO THE COURT'S PROPOSED JURY INSTRUCTIONS (DKT. NO. 234)** |

Pursuant to the Court's instructions, Defendant Power Integrations, Inc. ("PI"), hereby makes its objections to the Court's proposed jury instructions (Dkt. No. 234).

Instruction 2: The Court should delete "or affirmative defense" from the burden of proof since PI no longer asserts any affirmative defenses.

Instruction 15: The Court should delete the following sentences since invalidity is no longer in the case: "There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether something is more likely true than not. On other issues you must use a higher standard and decide whether it is highly probable that something is true." The next paragraph correctly states "To prove infringement of claim 1, Opticurrent must persuade you that it is more likely than not that Power Integrations has infringed that claim."

Instruction 16: Since this is a final instruction, the Court should edit this paragraph: "At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties."

Instruction 25: The Court should delete "or affirmative defense" from the burden of proof since PI no longer asserts any affirmative defenses.

Instruction 26: The Court should change "I will then tell you what each side must prove to win on each of its contentions" to read "I will then tell you what Opticurrent must prove to win on each of its contentions."

Instruction 33: This instruction does not state that PI must "actually cause" inducement as required by *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1330-31 (Fed. Cir. 2016) (vacating inducement verdict; "This instruction left the jury with the incorrect understanding that a party may be liable for induced infringement even where it does not successfully communicate with and induce a third-party direct infringer"). The Northern District model has not been updated since that case. PI respectfully requests that the Court give PI's proposed instruction 21 (Dkt. No. 173 at 56).

Instruction 35: PI objects to this instruction because it repeatedly references a royalty as a percentage of revenue, and Opticurrent has failed to lay a proper foundation for such a royalty. *See VirnetX, Inc., et al. v Cisco Systems, Inc., et al.*, 767 F.3d 1308, 1326, 1330 (Fed. Cir. 2014) (vacating damages verdict where jury was permitted to consider total accused revenue without apportionment, despite use of benchmark licenses). The only benchmark license at issue, between the inventor Mr. Congdon and his company QBar, is not economically comparable to a license

between Mr. Congdon and Power Integrations.  Not only did the QBar license reflect self-dealing, QBar sold almost no products, whereas PI is the leader in the field.  Moreover, QBar's licensed products are not economically comparable to PI's accused products, which contain many more features.  Opticurrent has no expert testimony or other evidence to account for the different economic circumstances between the QBar license and the hypothetical negotiation.  In addition, admission of PI's total revenue is improper because Opticurrent has failed to apportion, PI's total revenue skews the damages horizon, and Opticurrent's proposed royalty base and rate have no evidentiary basis.  (*See* Dkt. Nos. 174, 214, 229.)  PI respectfully requests that the Court give PI's proposed instruction 36 (Dkt. No. 173 at 82).

Dated:  February 13, 2019              FISH & RICHARDSON P.C.


                                       By:  */s/ Michael R. Headley*
                                            Michael R. Headley

                                       Attorneys for Defendant
                                       POWER INTEGRATIONS, INC.