OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

**Date:** February 15, 2019  **Time:** 4 Hours; 35 Minutes  **Judge:** EDWARD M. CHEN

**Case No.:** 17-cv-03597-EMC  **Case Name:** Opticurrent, LLC v. Power Integrations, Inc.

**Attorneys for Plaintiff:** Jonathan Suder, David Gunter, Corby Vowell, Lewis Hudnell
**Attorneys for Defendant:** Michael Headley, Neil Warren, Frank Scherkenbach, Joseph Warden

**Deputy Clerk:** Angella Meuleman   **Court Reporter:** Vicki Eastvold / Katherine Sullivan

**Voir Dire February 15, 2019**
**Trial Begins February 19, 2019**

### PROCEEDINGS

Attorney Conference re: Demonstratives – held.
Jury Selection -- held.

### SUMMARY

Argument heard on objections to FRE 1006 summaries, TX210 and TX211. The Court sustains Power Integrations (PI) objection to the inclusion of new accused family of products in the summaries that were not specifically disclosed in the amended infringement contentions. Products PI listed as newly accused: DAP021, SC1011, SC1128, SC1129, SC1138, TNY375, TNY376, TNY377, TNY378, TNY379, TNY380 (e.g., TX-211 at 1); DAP021, LNK623, LNK624, LNK625, LNK626, SC1097, SC1098, SC1099, SC1103, SC1104, SC1106, SC1125, SC1126, SC1132, SC1135, SC1139 (e.g., TX-211 at 2); LNK574, LNK576, SPS1013P-TL (e.g., TX-211 at 3) are inadmissible. There were not specifically disclosed in infringement contentions on Opticurrent's expert's report. Plaintiff is required to remove non-accused products from the summaries and recalculate accordingly. Plaintiff does not effectively dispute these products belong to families different from the enumerated accused products; nor does plaintiff dispute the schematics of the circuitry of these products differ from that of the accused products.

Jury of eight (8), approved by both parties, sworn to try the cause.

Argument heard on objections to opening statement presentation slides. PI objects to Opticurrent's slides: 12, 14, 15, 37, 39, 46. Slide 12: conditionally objected to any suggestion that PI infringed

the '323 Patent. The parties agree this is no longer at issue. Opticurrent stated its affirmative intention not to introduce any evidence suggesting infringement of the '323 Patent.

Slide 14: states Congdon shares in recovery. The Court finds this potentially relevant; the patent license agreement which addresses Condon's share, will be admissible. Overruled.

Slide 15: no longer at issue given prior evidentiary rulings.

Slide 37: objection to "exclude" as suggestion that Opticurrent is entitled to injunctive relief. Exclude is a pro per description of property right. Overruled. PI seeks to exclude references to total revenues. Sustained, references to total revenues are premature, as Court stated at final pretrial conference. Average price not to be included.

Slide 39: objection to total revenue royalty base, "1.2 billion" infringing sales including non-accused products. Sustained.

Slide 46: Patent language. Overruled. PI can assert its view regarding 4th terminal in opening. Jury will be admonished that attorney statements are not evidence and that the law will be instructed by the Court.

Opticurrent objects to opening slides DD110-121, DD123, DD125, DD135, DD136, DD139, DD141-143 as practicing the prior art defense. The Court notes the slides referencing "first" and providing timelines suggestive of practicing the prior art defense are excluded in opening statement. Slides on non-accused products are admissible to extent they show sequential iterations of invention and go to damages/value.

See Trial Log for further details.