**Volume 5**

**Pages 906 - 917**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE EDWARD M. CHEN, JUDGE

OPTICURRENT, LLC,                    )
                                     )
          Plaintiff,                 )
                                     )
  VS.                                )    **No. C 17-3597 EMC**
                                     )
POWER INTEGRATIONS, INC.,            )
                                     )
          Defendant.                 )
_____)    San Francisco, California
                                          Monday, February 25, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:            FRIEDMAN, SUDER & COOKE
                          604 East 4th Street, Suite 200
                          Fort Worth, Texas 76102
                      BY: **JONATHAN T. SUDER, ESQ.**
                          **DAVE R. GUNTER, ESQ.**

                          HUDNELL LAW GROUP P.C.
                          800 W. El Camino Real, Suite 180
                          Mountain View, California 94040
                      BY: **LEWIS E. HUDNELL, III, ESQ.**

                          Goldstein Faucett & Prebeg, LLP
                          1177 West Loop South, Suite 400
                          Houston, TX  77027
                      BY: **CORBY R. VOWELL, ESQ.**

 (Appearances continued on next page)

 Reported By:             Vicki Eastvold, RMR, CRR

**APPEARANCES (CONTINUED):**


For Defendant:              FISH & RICHARDSON P.C.
                            500 Arguello Street, Suite 500
                            Redwood City, California 94063
                       BY:  **MICHAEL R. HEADLEY, ESQ.**
                            **NEIL A. WARREN, ESQ.**

                            FISH AND RICHARDSON PC
                            222 Delaware Avenue, 17th Floor
                            Wilmington, Delaware 19899
                       BY:  **JOSEPH B. WARDEN, ESQ.**

For Defendant/              FISH & RICHARDSON P.C.
Counter-Claimant:           12390 El Camino Real
                            San Diego, California 92130
                       BY:  **JOHN W. THORNBURGH, ESQ.**

**Monday - February 25, 2019**                              **12:58 p.m.**

**P R O C E E D I N G S**

**---000---**

(The following proceedings were held in open court, outside the presence of the jury:)

        **THE COURT:**  All right.  Have a seat.  We have a note -- first note from the jury.  And I'll read it for the record:

May the jury respectfully decline to respond on I, meaning question 1, I think, on the verdict form, direct infringement, if we are able to unanimously find for II, infringement, under the doctrine of equivalents?  Maybe they mean plaintiff.  Hard to read there.  Infringement under the doctrine of equivalents.

Obviously, I think, that implies a finding for the plaintiff on doctrine of equivalents.  That's how I read this form.

So the question is, they have not been able to reach a verdict on the question number I, literal infringement.  And so --

        **MR. SUDER:**  Your Honor, I think they have answered he question by going to number II.  I don't think they need to answer question number I.  Unless -- I guess they're hung up on whether they unanimously think there's no literal.

        **MR. SCHERKENBACH:**  We think --

        **THE COURT:**  Well, the question is whether or not they should be -- obviously, would be ideal to get a verdict one way

or the other on question 1.

**MR. SCHERKENBACH:**  Right.

**THE COURT:**  Because who knows where this case is going.

**MR. SCHERKENBACH:**  Right.  We think they need to answer it.

**THE COURT:**  Pardon?

**MR. SCHERKENBACH:**  We think they need to answer the first one.

**THE COURT:**  And if they can now.  Obviously, at some point if they're hopelessly deadlocked --

So the question is what should we tell them at this point?

There is an instruction 3.7 in the Ninth Circuit's instruction that's kind of a full *Allen* charge.

**MR. SUDER:**  I don't think they're there yet.

**THE COURT:**  I don't think we're there yet.  We can simply say that:  You should continue further deliberations on the first question.

**MR. SCHERKENBACH:**  But the answer to their question literally is "no."  So, you know, if you want to --

**THE COURT:**  I can give a one-word answer?

**MR. SCHERKENBACH:**  Well -- or:  No, you must answer question 1 unanimously.  You know, something like that.

**THE COURT:**  Well, I'm inclined to indicate to them the answer is no, and you should -- something to the effect that

you should continue your deliberations on number 1.

**MR. SCHERKENBACH:**  That would be fine with us.

**MR. SUDER:**  Yes, Your Honor.

**THE COURT:**  All right.

**MR. SUDER:**  And not to change their answer to number 2.

**THE COURT:**  Let me write out a brief note, send it by you all, and if it's okay send it back into the jury room. Okay.

(Recess taken at 1:02 p.m.)

(Proceedings resumed at 1:09 p.m.)

**THE COURT:**  Okay.  I've handed out my proposed response that says:  No, you should continue to deliberate on verdict question number 1.

**MR. SCHERKENBACH:**  That's fine with us, Your Honor.

**MR. SUDER:**  Fine.

**THE COURT:**  So Angie, why don't you give it to them. And stay tuned.

**MR. SCHERKENBACH:**  Thank you.

**MR. SUDER:**  Thank you.

(Recess taken at 1:10 p.m.)

(Proceedings resumed at 2:07 p.m.)

**THE COURT:**  Okay.  As you have been informed it appears the jury has reached a verdict.  So if there are no objections I'll ask them to come on in.

(The jury entering the courtroom.)

**THE COURT:**  All right.  You may be seated.  All right.  Good afternoon, ladies and gentlemen of the jury.  I understand from Angie that you have reached a verdict in this matter.

**THE FOREPERSON:**  We have.

**THE COURT:**  You are the foreperson, Ms. Vrbanac-Libby?

**THE FOREPERSON:**  Yes.  Should I stand?

**THE COURT:**  You can just give it to Angie.

I feel like I should be at the academy awards or something with this envelope.

Okay.  There's one set of blanks that have not been filled in.  This is on question 4.  Have the number here, but the second half of the question about the number of units or dollar amount we do need to have that filled in.

So what I'm going to do, because it's not quite complete, is ask you to have -- hate to have you go back and forth, and I know you've been working very hard, but we do need to have this completed.  And so question 4(a), the second part of that needs to be -- those -- one of those two blanks needs to be filled in.

So I'm going to hand the verdict form back to courtroom deputy and she'll accompany you back.  I know it's a hassle going back and forth, but if we could complete the process, I'd appreciate it.  Thank you.

(The jury exiting the courtroom.)

(The following proceedings were held in open court, outside the presence of the jury:)

**THE COURT:**  Okay.  Obviously, they didn't fill in the number of units or the dollar amount so its not a completed verdict form.  So -- okay.

We'll let them do that.  So I guess we'll just wait and see.  Okay?  So hang in there.

(Recess taken at 2:11 p.m.)

(Proceedings resumed at 2:14 p.m.)

**THE COURT:**  Okay.  They've now reached a verdict.  But I will review the form just to make sure.

(The jury entering the courtroom.)

**THE COURT:**  Okay.  Please be seated again.  Thank you again, ladies and gentlemen.

Madam Foreperson, if you could hand the verdict to Ms. Meuleman.

Thank you.

All right.  Appears we have a complete verdict form.  I'll let you read the verdict, Angie.

**THE CLERK:**  Ladies and gentlemen of the jury, listen to your verdict as it will stand recorded.

In the United States District Court, Northern District of California, Opticurrent, LLC, versus Power Integrations, Inc., et al.  Case number 17 civil action 3797 EMC.  Verdict form.

When answering the following questions and filling out

this verdict form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous.  Some of the questions contain legal terms that are defined and explained in detail in the jury instructions. Please refer to the jury instructions if you are unsure about the meaning or the usage of any legal term that appears in the questions below.

We, the jury, unanimously find as follows:

I.  Direct Infringement.

Number 1.  Has Opticurrent proven that it is more likely than not that Power Integrations literally infringes claim 1 of the '623 patent?  Yes.

Question II.  Infringement under the Doctrine of Equivalents.

Number 2.  Has Opticurrent proven that it is more likely than not that the accused products infringe under the doctrine of equivalents?  Yes.

Number III.  Inducing Infringement.

Has Opticurrent proven that it is more likely than not that Power Integrations induces infringement of claim 1 of the '623 patent?  No.

IV.  Findings on Damages (If Applicable.)

Number 4.  What has Opticurrent proved it is entitled to as a reasonable royalty?

(a)  Ongoing royalty payment of -- blank -- per unit sold

or (2) 3 percent of sales through March 31, 2018, or $222,216,159.

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations.  Please have the jury foreperson sign and date the verdict form below.

Dated February 25, 2019.  Signed by jury foreperson, Angela C. Vrbanac-Libby.

**THE COURT:**  All right.  Foreperson Vrbanac-Libby, does that represent the verdict that was reached by the jury?

**THE FOREPERSON:**  Yes, it does, Your Honor.

**THE COURT:**  And the jury was unanimous?

**THE FOREPERSON:**  Yes.

**THE COURT:**  On all those points?

**THE FOREPERSON:**  Yes.

**THE COURT:**  Any request to poll the jury?

**MR. SUDER:**  No, Your Honor.

**MR. SCHERKENBACH:**  Yes, Your Honor.  I'd like the jury polled.

**THE COURT:**  All right.  Let me ask each of you individually.

Ms. Vrbanac-Libby, is that your verdict?

**JUROR VRBANAC-LIBBY:**  Yes, it is.

**THE COURT:**  All right.  Ms. Wall, is that your verdict on each of the questions?

JUROR WALL:  Yes.

THE COURT:  Thank you.  Ms. Johnston, is that your verdict?

JUROR JOHNSTON:  Yes, it is, Your Honor.

THE COURT:  Thank you.  And Ms. Nimmo, is that your verdict?

JUROR NIMMO:  Yes, it is, Your Honor.

THE COURT:  And Ms. Vigil, is that your verdict?

JUROR VIGIL:  Yes, it is, Your Honor.

THE COURT:  And Mr. Cruse, is that your verdict?

JUROR CRUSE:  Yes, Your Honor.

THE COURT:  And Ms. Watson, is that your verdict?

JUROR WATSON:  Yes, Your Honor.

THE COURT:  All right.  Record will reflect that the jury has been polled and the jury has unanimously agreed with the verdict as was read.

And that will complete your service in this matter.  So on behalf of the parties and the court, let me thank you again for your service.  I know you've been working very diligently and have paid close attention to this matter.  These are not simple issues.  They're somewhat complicated.  And we appreciate the attention that you've paid and the diligence that you've exercised and conscientiousness that you have shown.

It is my policy to, before you leave, to give you a chance to ask me some questions back in the jury room, and I also like

to get a little feedback about the process whether there's anything you think we could have done to make the experience better or facilitate your experience.

It is also my policy to allow the attorneys to speak with the jurors if they so wish. You are under no obligation whatsoever to speak with the jurors (sic), but often attorneys find it's useful to learn about what the jury may have thought about their performance or anything that you might want to say. But that's up to you, and you're under no obligation to do so.

Should you decide to talk with the attorneys, please keep in mind that it is important that you maintain the confidence of the people around you in terms of things that were said in deliberations, and anything you tell the attorneys is something you would be willing to say under oath and in open court. But, again, that is up to you whether you would like to talk to the attorneys.

So at this point, Angie will show you back to the jury room. And if you want to chat with me for a few minutes, I will meet you there. If you don't want to, that's fine, too. I won't be offended. And then I'll find out whether you're interested at all in talking to the attorneys, and let them know to wait around.

MR. SUDER: Wait in the hallway, Your Honor?

THE COURT: No, they're going to go back --

MR. SUDER: Should we wait in the hallway should the

jury want to talk to us?

THE COURT:  Oh.  You can use this courtroom if you want.

MR. SUDER:  Thank you.

(The jury exiting the courtroom.)

(The following proceedings were held in open court, outside the presence of the jury:)

THE COURT:  Okay.  So I assume there will be post-trial motions.

MR. SCHERKENBACH:  There will.  And if Your Honor's okay with it, maybe we can confer and propose a schedule for filing those.

THE COURT:  Yeah.  Yeah.

MR. SUDER:  Thank you, Your Honor.

THE COURT:  So in the meantime we'll record the verdict and then we'll see you at the next hearing, whenever you all agree on that.

MR. SCHERKENBACH:  We will.

THE COURT:  Thank you.  Thank you for a case well litigated.  Thank you.

I take it you are interested in speaking with the jurors if they want to?

PHILIP VACHON:  Yes.  If they're willing.

(Court adjourned at 2:23 p.m.)

---oOo---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Monday, February 25, 2019

_W. Eastvold_

Vicki Eastvold, RMR, CRR
U.S. Court Reporter