Frank E. Scherkenbach (CA #142549)
scherkenbach@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210-1878
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Michael R. Headley (CA SBN 220834)
headley@fr.com
Neil A. Warren (CA SBN 272770)
warren@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA  94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

John W. Thornburgh (CA SBN 154627)
thornburgh@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone: (858) 678-5070
Facsimile:  (858) 678-5099

Attorneys for Defendant
POWER INTEGRATIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OPTICURRENT, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>POWER INTEGRATIONS, INC.,<br><br>          Defendants. | Case No. 3:17-cv-03597- EMC<br><br>**POWER INTEGRATIONS'**<br>**MOTION TO STAY EXECUTION**<br><br>DATE: May 9, 2019<br>TIME: 1:30 p.m.<br>JUDGE: Honorable Edward M. Chen |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on May 9, 2019, or as soon thereafter as the Court permits, this matter will be heard before the Honorable Edward M. Chen of the above-identified court, located at 450 Golden Gate Avenue, 17th Floor, Courtroom 5, San Francisco, California 94102. Defendant Power Integrations, Inc. ("PI") will and hereby does move the Court, pursuant to Fed. R. Civ. P. 62, for stay of execution of judgment.

## I.   INTRODUCTION

PI has filed post-trial briefs raising substantial questions regarding the direct infringement and damages verdicts in this case. Should the Court deny these motions, PI will appeal. Pending that appeal, the Court should stay execution of judgment so that the merits can be finally resolved. The parties have already agreed to a stay of execution pending this Court's entry of final judgment. Because PI is financially sound, and because the potential liability in this case represents a small fraction of PI's assets, the Court should enter a stay pending appeal without requiring a *supersedeas* bond.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 62(b) – formerly 62(d) – provides for an automatic stay if a party provides a bond "or other security": "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."

A party is "entitled to a stay as a matter of right" if it posts the required security. *Bennett v. Franklin Resources, Inc.*, --- F. Supp. 3d ----, 2018 WL 6652250, at *9 (N.D. Cal. 2018) (granting stay where party deposited funds with the court). *Without* security, a stay is "a matter strictly within the judge's discretion." *Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) (affirming exercise of discretion).

"[T]he purpose of a *supersedeas* bond is to protect the appellee's ability to collect the judgment." *American Color Graphics, Inc. v. Travelers Property Cas. Ins. Co.*, 2007 WL 1520952, at *2 (N.D. Cal. 2007). Thus, if there is little risk of non-payment, a court "has

discretion to stay execution of judgment pending appeal without requiring a bond." *Id.* at *1 (granting stay without requiring security where $4 million represented a small fraction of defendant's $256 million in assets). In addition, "[i]n lieu of a supersedeas bond, a court may allow for the posting of alternate forms of security." *Id.* In *American Color Graphics*, the court imposed the following conditions as security: "In lieu of a supersedeas bond, Travelers shall submit its quarterly and annual financial statements filed with the California Department of Insurance to the Court and plaintiff ACG pending appeal to demonstrate Travelers' continued solvency and ability to satisfy the judgment. . . . . In the event there is a material change in Travelers' financial condition, Travelers shall, upon showing by ACG that Travelers does not have the present ability to satisfy the judgment, post a supersedeas bond in the amount of 125% of the judgment in order to maintain the stay of enforcement of the judgment pending appeal." *Id.* at *2.

In assessing whether to require a bond, the Northern District regularly considers factors enunciated in a Seventh Circuit case, *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). *See Kranson v. Federal Express Corp.*, 2013 WL 6872495, at *1 (N.D. Cal. 2013). As recounted in *Kranson*, the court may consider the following *Dillon* factors: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Id.* at *1.

Referring to these factors, the court in *Kranson* found the fourth factor dispositive: the defendant's ability to pay. The judgment of $382,197 represented a small fraction of "FedEx's assets and net income based on Form 10-K." *Id.* at *1. In addition, Federal Express represented that "once a completed payment request is submitted, it takes less than 30 days ... to issue payment." *Id.* Therefore, the court stayed execution pending appeal and "exercise[d] its discretion to waive the requirement of a bond." *Id.* at *2.

### III. STATEMENT OF FACTS

Power Integrations is a successful and financially sound company. Its finances are summarized in its latest SEC Form 10K. (Headley Decl. Ex. A.) At the end of 2018, PI had net revenues of $416 million; shareholders' equity of $527 million; and cash-on-hand of $134 million. (*Id.* at 21.) The judgment in this case is much smaller: the verdict is approximately $6.7 million. Moreover, PI has filed post-trial motions that would cap this amount at $1.2 million.

Opticurrent has agreed to a stay of execution pending entry of final judgment but requests "some form of security" to stay execution pending appeal. (Headley Decl. Ex. B.)

### IV. ARGUMENT

**A. Since PI is financially sound, and the potential judgment represents a small fraction of its assets, the Court should enter a stay without requiring a bond.**

This Court stayed execution in *American Color Graphics* and *Kranson* without requiring a bond where the defendants were large, financially sound companies, and the judgment represented a small fraction of their assets. *American Color Graphics*, 2007 WL 1520952 at *2; *Kranson*, 2013 WL 6872495 at *2. Since "the purpose of a *supersedeas* bond is to protect the appellee's ability to collect the judgment," the Court sensibly exercises its discretion not to require a bond where payment is not in question. *American Color Graphics*, 2007 WL 1520952 at *2.

In addition, Rule 62 permits other forms of security. As in *American Color Graphics*, PI will agree to provide its quarterly 10K / 10Q reports to the Court and to Opticurrent to insure that its finances remain strong. *See id.* at *2. In addition, as in *Kranson*, PI will agree to pay any damages judgment that stands on appeal within 30 days of the Federal Circuit issuing its mandate. *See Kranson*, 2013 WL 6872495 at *2.

**B. The *Dillon* factors support entering a stay without requiring a bond.**

As in *Kranson*, PI believes that *Dillon* factor four – "whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money" – is dispositive. As detailed in the previous section, there can be no question that PI will be able to pay the judgment. In addition, the cost of bond would be wasteful. The Court may take judicial notice of the typical cost of a bond. For example, the website for bond provider Bryant Surety Bonds states that a

surety bond costs between 0.75% and 2.5% of the bond amount *per year* for a party with good credit. (Headley Decl. Ex. C (printout of https://www.bryantsuretybonds.com/surety-bond-cost).) If PI were required to pay 2.5% of $6.7 million per year, this would amount to $150,000 per year, a significant waste. Thus, *Dillon* factor four strongly supports entering a stay without requiring a bond.

*Dillon* factor three – "the degree of confidence that the district court has in the availability of funds to pay the judgment" – is similar. The Court can be confident that PI has the ability to pay, and should that change (as reflected in PI's quarterly updates), the Court can take appropriate action.

*Dillon* factors one and two – "the complexity of the collection process" and "the amount of time required to obtain a judgment after it is affirmed on appeal" – are satisfied by PI's agreement to pay any judgment within 30 days of the Federal Circuit issuing its mandate.

*Dillon* factor five – "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position" – is inapplicable given PI's strong finances. Even so, the cost of a bond would be a waste.

Thus, all the *Dillon* factors support entry of a stay without requiring a bond.

### V. CONCLUSION

For the foregoing reasons, PI respectfully requests the Court stay execution of judgment pending appeal without requiring a bond. Instead, the Court should require PI to submit quarterly financial updates and require PI to pay any judgment within 30 days of the Federal Circuit issuing its mandate.

Dated: April 4, 2019                                      FISH & RICHARDSON P.C.

                                                          By: */s/ Michael R. Headley*
                                                               Michael R. Headley

                                                          Attorneys for Defendant
                                                          POWER INTEGRATIONS, INC.