UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTICURRENT, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>POWER INTEGRATIONS, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03597-EMC<br><br>**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR JUDGMENT ON INVALIDITY AND DENYING PLAINTIFF'S SUPPLEMENTAL MOTION**<br><br>Docket Nos. 327, 327-1 |

On May 13, 2019, Plaintiff Opticurrent filed an "Emergency Motion for Leave to File Supplemental Motion for Judgment on Defendant's Counterclaim and Affirmative Defense of Invalidity." Docket No. 327. In the motion, Opticurrent recounts that after Defendant Power Integrations ("PI") stated at the final pretrial conference that it would not be pursuing its invalidity counterclaim and defense at trial, Opticurrent moved for judgment as a matter of law on invalidity. *Id.* at 2. The Court deferred ruling on the motion until after trial. Once the trial concluded, PI filed an *ex parte* request for reexamination of the '623 patent with the United States Patent and Trademark Office ("PTO"), an act Opticurrent decries as "gamesmanship," an attempt "to circumvent the authority of this Court," and "a mockery of the sanctity of the judicial process." *Id.* at 1–2.

Opticurrent's present motion asks for leave to file its supplemental motion for judgment, which in turn demands that the Court "immediately enter judgment on Defendant's counterclaim of invalidity effective February 11, 2019—the day Defendant announced in open Court that it was not pursuing its claims," and order PI to "withdraw its request for reexamination" at the PTO. *Id.*

at 2. For the reasons discussed below, the Court **GRANTS** Opticurrent's emergency motion for leave to file its supplemental motion for judgment, but **DENIES** on the merits the supplemental motion for judgment.

## I. DISCUSSION

### A. Judgment on Invalidity

As a procedural matter, Opticurrent is not entitled to judgment on invalidity because it waived the issue by failing to renew its motion for judgment as a matter of law after the trial. Federal Rule of Civil Procedure 50(b) provides that, "[i]f the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law." The Ninth Circuit has held that, to preserve a pre-verdict Rule 50(a) motion, "a party *must* file a post-verdict motion for judgment as a matter of law . . . under Rule 50(b)." *Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) (emphasis added). This rule "is to be strictly observed, and . . . failure to comply with it precludes a later challenge to the sufficiency of the evidence." *Id.* (citing *Saman v. Robbins*, 173 F.3d 1150, 1154 (9th Cir. 1999)). Indeed, the Supreme Court has affirmed that "a post-verdict motion under Rule 50(b) is an absolute prerequisite to any appeal based on insufficiency of the evidence," such that a failure to file a Rule 50(b) motion "precludes even plain error review." *Id.* (citing *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006)).

Here, Opticurrent filed a motion for judgment as a matter of law on invalidity the day after the final pretrial conference, based on PI's representation that "it will not be putting on any evidence relating to either validity or enforceability" at trial. Docket No. 238 at 2. At the close of PI's case, Opticurrent renewed that motion. Trial Tr. at 783:14–19. However, it did not renew the motion under Rule 50(b) after the trial. Opticurrent has therefore forfeited its claim to judgment as a matter of law on invalidity. *See Erickson Prods., Inc. v. Kast*, 921 F.3d 822, 829 n.3 (9th Cir. 2019).

2

Even if the Court were to address the merits of the invalidity issue, Opticurrent would not be entitled to judgment as a matter of law. Opticurrent's motion is premised on Opticurrent's belief that PI has "waived its defense of invalidity through its failure to present any evidence on this issue at trial." Docket No. 327-1 at 5. However, PI did not waive its invalidity defense or concede validity. Courts have rejected the notion that "when a party abandons an issue pretrial, the opposing party is entitled to judgment as a matter of law." *Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100, 1117 (N.D. Cal. 2014). "To the contrary, the Federal Circuit recently clarified that judgment as a matter of law should be granted only on issues that were 'litigated, or fairly placed in issue, during the trial.'" *Id.* (quoting *Alcon Research Ltd. v. Barr Laboratories, Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014)). Where a party expressly notifies the court and its adversary prior to trial that it is removing an issue from the trial, that issue cannot be deemed to have been litigated, or fairly placed in issue, during the trial. *Compare, e.g.*, *id.* at 1116–17 (denying plaintiff's motion for judgment as a matter of law on defendant's defenses that were not raised in the pretrial statement nor litigated at trial); *In re Biogen '755 Patent Litig.*, 335 F. Supp. 3d 688, 724 (D.N.J. 2018) (denying entry of judgment on defense that defendants did not raise "in their pretrial submissions and did not otherwise pursue" at trial), *with, e.g.*, *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 801 (Fed. Cir. 2010) (finding district court did not err in granting judgment on an invalidity counterclaim the defendant did not pursue at trial where the defendant did not "keep the district court clearly apprised of what parts of its claim it wishe[d] to pursue and which parts, if any, it wishe[d] to reserve for another day"); *In re Biogen*, 335 F. Supp. 3d at 722 (granting judgment as a matter of law on defenses which "Defendants did not notify the Court to withdraw or request dismissal"). Indeed, *Apple* and *Alcon Research* held that by omitting a claim from the pretrial statement, the party had effectively withdrawn it.

Here, although PI included invalidity as a possible issue in the joint pretrial statement, *see* Docket No. 172 at 1, it clearly apprised the Court and Opticurrent at the final pretrial conference that it would be reserving its invalidity defense for another day:

> MR. SUDER: [L]et me say also, and I guess Mr. Warren can confirm, but they advised me before you came out that they are dropping their invalidity challenge to the patent and conception.

3

> MR. WARREN: That's correct. So during the trial the issues will be noninfringement or infringement and damages.
>
> . . .
>
> THE COURT: Wait. So you are not asserting invalidity?
>
> MR. WARREN: Correct. At trial, we're not going to present evidence to challenge invalidity.
>
> THE COURT: So that includes obviousness.
>
> MR. SUDER: Written description.
>
> THE COURT: Right.
>
> MR. SUDER: Anticipation, obviousness. Everything that they have the burden on, yes.
>
> THE COURT: All right.

Docket No. 250 at 24:13–25:14. Accordingly, invalidity was not placed into issue at trial. PI did not indicate it intended to waive that argument for all purposes or accept entry of judgment on its claim of invalidity. Accordingly, judgment as a matter of law may not be granted to Opticurrent.

B.  Enjoining PI's Reexamination Request

Opticurrent's request for the Court to enjoin PI from asking the PTO to conduct an *ex parte* reexamination of the '623 patent is also without merit.

The Patent Act allows "*[a]ny person at any time . . .* [to] file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301." 35 U.S.C. § 302 (emphasis added). Once such a request is filed, "the [PTO] Director will determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." *Id.* § 303(a). If the Director finds that a "substantial new question of patentability" is raised, the *ex parte* reexamination process begins, and the "patent owner will be given a reasonable period . . . within which he may file a statement on such question, including any amendment to his patent and new claim or claims he may wish to propose, for consideration in the reexamination." *Id.* § 304. The reexamination statute requires the Director to cancel a claim that is "finally determined to be unpatentable" through reexamination. *Id.* § 307(a). In essence, "ex parte reexamination is a curative proceeding meant

to correct or eliminate erroneously granted patents." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1338 (Fed. Cir. 2013). Whereas a patent is afforded a presumption of validity in court and a litigant must prove the patent invalid by clear and convincing evidence, claims in a reexamination proceeding enjoy no presumption of validity, and "will be given their broadest reasonable interpretation consistent with the specification, and limitations appearing in the specification are not to be read into the claims." *In re Etter*, 756 F.2d 852, 858 (Fed. Cir. 1985) (citation omitted). Thus, "litigation and reexamination are distinct proceedings, with distinct parties, purposes, procedures, and outcomes." *Id.* at 857.

Opticurrent cannot prevent, through a judicial order, PI from pursuing a statutorily-authorized avenue to contend invalidity at the PTO. *See Fresenius*, 721 F.3d at 1339 ("[T]he language and legislative history of the reexamination statute show that Congress expected reexamination to take place concurrent with litigation . . . ."); *Freeman v. Minnesota Min. & Mfg. Co.*, 661 F. Supp. 886, 887 (D. Del. 1987) (defendant sued for infringement "has a legal right to request a reexamination"). The Federal Circuit has set forth the general framework for determining the effect of a PTO reexamination ruling on parallel court proceedings: "the cancellation of a patent's claims cannot be used to reopen a final damages judgment ending a suit based on those claims," but if the claim is cancelled as a result of reexamination prior to final judgment, "the patentee's cause of action is extinguished and the suit fails." *Fresenius*, 721 F.3d at 1340. There has not been a "final damages judgment" in this case,[1] so the jury verdict is not immune from the impact of a potential PTO reexamination decision, and there is no basis for the Court to enjoin PI from pursuing reexamination. *See Freeman*, 661 F. Supp. at 888 (denying patentee's request to enjoin defendant from seeking reexamination while litigation over the patent was ongoing because it was not "appropriate to prohibit [defendant] from attempting to use the reexamination process as [defendant] sees fit").

---

[1] Nor is there, for the reasons stated above, any final judgment on the merits herein on invalidity. Even if this Court were to enter such a judgment, it would not be a "final damages judgment" because PI could still appeal. *See Fresenius*, 721 F.3d at 1341 ("[W]hile the district court in 2007 entered a judgment final for purposes of appeal, and that judgment might have been given preclusive effect in another infringement case between these parties, it was not sufficiently final to preclude application of the intervening final judgment . . . .").

Opticurrent fails to cite a single case in which a court has barred a party from requesting reexamination while litigation was pending. Instead, Opticurrent relies only on a law review article and a dissenting opinion in *Fresenius*, both of which make the case that allowing a PTO cancellation decision to vitiate a non-final judgment of infringement is undesirable as a policy matter. However, neither the article nor the dissent denies that such is the state of the law. *See* Peggy P. Ni, *Rethinking Finality in the Ptab Age*, 31 Berkeley Tech. L.J. 557, 568 (2016) ("[A] patent challenger may gain relief from a district court judgment of infringement if a PTO proceeding finds a patent invalid."); *Fresenius*, 721 F.3d at 1346 ("[T]he dissent reiterates . . . a view . . . that PTO reexamination cannot affect pending infringement suits. The dissent candidly acknowledges that this position has been consistently rejected.").

## II. CONCLUSION

Accordingly, Opticurrent's emergency motion for leave to file its supplemental motion for judgment is **GRANTED**, and its supplemental motion for judgment as a matter of law is **DENIED**.

This order disposes of Docket Nos. 327 and 327-1.

**IT IS SO ORDERED**.

Dated: June 4, 2019

_____
EDWARD M. CHEN
United States District Judge