UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTICURRENT, LLC,<br>　　　　Plaintiff,<br>　　v.<br>POWER INTEGRATIONS, INC., et al.,<br>　　　　Defendants. | Case No. 17-cv-03597-EMC<br><br>**ORDER RE PLAINTIFF'S BILL OF COSTS**<br><br>Docket No. 293 |

Plaintiff Opticurrent, LLC ("Opticurrent") seeks costs totaling $23,077.38. *See* Docket No. 293. Defendant Power Integrations, Inc. ("PI") urges the Court to deny Opticurrent's request for costs in its entirety or, in the alternative, to disallow certain costs. *See* Docket No. 310.

**I.　DISCUSSION**

A.　<u>Award of Costs</u>

Federal Rule of Civil Procedure 54(d) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Here, Opticurrent prevailed in showing that PI infringed claim 1 of U.S. Patent No. 6,958,623 (the "'623 patent") literally and under the doctrine of equivalents, and is entitled to costs determined according to the law of the regional circuit. *See Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). The Ninth Circuit recognizes a presumption that the prevailing party is entitled to costs but allows the district court discretion not to award them. *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). The following can be grounds for denying costs: "(1) the issues in the case were close and difficult; (2) the prevailing party's recovery was nominal or partial; (3) the losing party litigated in good faith; and, perhaps, (4) the case presented a landmark issue of national importance." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1023 (9th Cir.

2003).

PI argues that the first three considerations listed in *Champion Produce* weigh against awarding Opticurrent costs in this case. According to PI, this was a close case, as reflected in the jury's finding that PI directly infringed the '623 patent but did not induce infringement; Opticurrent's recovery was partial; and PI litigated in good faith whereas Opticurrent engaged in misconduct. Docket No. 310 at 1–3. However, PI has failed to overcome the presumption that Opticurrent is entitled to costs. First, the jury's conclusion that PI did not induce infringement does not make this a "close and difficult" case on the question of direct infringement. *Cf. TransPerfect Glob., Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR), 2014 WL 1364792, at *3 (N.D. Cal. Apr. 4, 2014) (ruling that a verdict of direct infringement "is a clear loss for [defendant]," even if jury found no contributory or induced infringement). PI was found to have infringed the sole patent at issue both literally and under the doctrine of equivalents. Although there were vigorous arguments on the merits regarding the connection or not to a power supply, the issue was not particularly difficult, and the jury reached its unanimous verdict fairly quickly. *See, e.g.*, *Beckway v. DeShong*, No. C07-5072 TEH, 2012 WL 1380217, at *2 (N.D. Cal. Apr. 20, 2012) (considering length of jury deliberations in determining whether case was close and difficult). Second, Opticurrent's recovery, while partial, was nevertheless substantial—over $1 million in past damages. Third, while this case has been fiercely litigated, neither party has engaged in actions that rise to the level of misconduct, as the Court has previously explained. *See* Docket No. 336 at 43.

Opticurrent, as the prevailing party, is entitled to recover its costs.

B.  Amount of Costs

PI disputes two specific categories of costs billed by Opticurrent. The first is the costs associated with the deposition of Kenneth Mackillop. Mr. Mackillop's deposition was made necessary by Opticurrent's oversight, which led Judge Orrick to allocate costs thereof. In 2018, the parties engaged in summary judgment briefing before Judge Orrick concerning the date of conception of the '623 patent. Mr. Mackillop was a relevant fact witness who was able to corroborate the date of conception asserted by Opticurrent, but Opticurrent did not submit his

2

affidavit until after the Court had issued its summary judgment ruling. *See* Docket No. 132 at 2–3. While Judge Orrick accepted the late filing on a motion for reconsideration, he observed that "Opticurrent should have produced the Mackillop affidavit with the original motion papers" and allowed PI to depose Mr. Mackillop's to mitigate any prejudice to PI. *Id.* at 5. However, Judge Orrick ordered that "[t]he cost of the transcript, court reporter's fee, travel (if required) and two hours of the PI's lawyer's time who is taking the deposition shall be paid by Opticurrent." *Id.* PI is thus correct that Opticurrent, not PI, must bear the $1,278.35 in costs associated with Mr. Mackillop's deposition.

The second disputed category is the costs associated with videotaping depositions. PI argues, citing *Frlekin v. Apple Inc.*, No. 1303775WHA, 2016 WL 354862, at *2 (N.D. Cal. Jan. 25, 2016), that "costs associated with video should not be allowed where the witnesses are available at trial and where the video was not actually ever used." Docket No. 310 at 3. However, as Opticurrent points out, statutory authority, this district's local rules, and "the weight of recent authority . . . hold[] that fees for both the videotaped and stenographic versions of the same transcript are taxable." *Fowler v. California Highway Patrol*, No. 13-CV-01026-TEH, 2014 WL 3965027, at *5 (N.D. Cal. Aug. 13, 2014); *see* 28 U.S.C. § 1920(2) (authorizing taxation of "[f]ees for printed *or* electronically recorded transcripts necessarily obtained for use in the case") (emphasis added); N.D. Cal. Civ. L.R. 54-3(c)(1) ("The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable."). PI fails to show Opticurrent's decision to videotape the deposition was unreasonable. Accordingly, Opticurrent may recover the costs of videotaping depositions.

## II. CONCLUSION

For the foregoing reasons, Opticurrent is entitled to costs totaling $21,799.03 (*i.e.*, $23,077.38 – $1,278.35).

**IT IS SO ORDERED**.

Dated: July 3, 2019

_____
EDWARD M. CHEN
United States District Judge

3