UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTICURRENT, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>POWER INTEGRATIONS, INC., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-03597-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT**<br><br>Docket No. 384 |

　　　　Pending before the Court is Power Integrations, Inc.'s ("PI's") motion to stay the execution of the judgment against it pending its appeal of this Court's order denying its motion for a new trial under Federal Rule of Civil Procedure 60. *See* Docket No. 384 ("Stay Mot.").

　　　　Under Federal Rule of Civil Procedure 62(b) (formerly 62(d)), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed R. Civ. P. 62(b). A supersedeas bond ensures that the appellee—in this case Opticurrent, LLC ("Opticurrent")—will be able to collect the judgment plus interest should the court of appeals affirm the judgment. *See Rachel v. Banana Republic*, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required."). Therefore, when a party posts a supersedeas bond with the district court in compliance with Rule 62(b), "it [is] entitled to a stay as a matter of right." *Bennett v. Franklin Res., Inc.*, 360 F. Supp. 3d 972, 977 (N.D. Cal. 2018) (quoting *Am. C.L. Union of Nev. v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012))*; see also Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977) ("Since no bond was posted, the grant or denial of the stays was a matter strictly within the judge's

discretion.").

Here, PI has obtained a supersedeas bond equal to 125% of Opticurrent's $1,199,987 award, *i.e.*, $1,499,959.08, plus 125% of subsequent royalties. *See* Docket No. 394-2 (Decl. of Michael R. Headley in Supp. of Renewed Mot. to Stay Execution, Ex. A (Bond No. 3484412)). The total amount of the bond is $1,943,105.86, and the bond specifies that it is undertaken "pending appeal from Rule 60 order." *Id.* Therefore, PI is entitled to a stay of the judgment's execution because "the funds deposited with the Court [are] sufficient to protect [Opticurrent] from loss while the execution is stayed." *Rachel*, 831 F.3d at 1505 n.1.

Opticurrent argues that this Court should deny the stay under *In re Zapata Gulf Marine Corporation*, 941 F.2d 293 (5th Cir. 1991)—a 1991 Fifth Circuit case—because "where a case is transferred under 28 U.S.C. § 1404, the choice of law rules that would have been applied by the transferor court—here, the Eastern District of Texas—are applied." *See* Docket No. 387 ("Opp'n"). But § 1404(a) does not require this Court to apply Fifth Circuit law because whether to stay the execution of the judgment pending appeal is a question of *federal* law, not state law. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) ("First, § 1404(a) should not deprive parties of *state-law* advantages that exist absent diversity jurisdiction." (emphasis added)). Indeed, this Court's application of Rule 62(b)—a *federal* rule of civil procedure—has nothing to do with Texas or California state law. As a result, the aforementioned Ninth Circuit law governs this motion. *See Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1416 (Fed. Cir. 1989) ("On a procedural issue, this court applies the law of the regional circuit to which district court appeals normally lie, unless the issue pertains to or is unique to patent law.").

Accordingly, the Court **GRANTS** PI's motion to stay the execution of the judgment in this case until its appeal of this Court's Rule 60 motion is decided.

This order disposes of Docket No. 384.

**IT IS SO ORDERED**.

Dated: April 6, 2021

_____
EDWARD M. CHEN
United States District Judge