1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    OPTICURRENT, LLC,                          Case No.  17-cv-03597-EMC
8                    Plaintiff,
                                                **ORDER DENYING PLAINTIFF'S**
9            v.                                 **MOTION TO COMPEL PRODUCTION**
10   POWER INTEGRATIONS, INC., et al.,          Docket No. 407
11                   Defendants.
12
13
14                    **I.      INTRODUCTION**
15         Following the Federal Circuit's affirmance of the Court's denial of Power Integrations'
16   Rule 60 motion, Opticurrent moved to lift the stay of execution on the Court's final judgment.
17   Docket No. 407 ("Mot.").  Additionally, Opticurrent sought an order from the Court compelling
18   Power Integrations to produce information related to its worldwide sales on an ongoing basis, for
19   the purposes of calculating Opticurrent's entitlement to royalties.  *Id.*  After the Federal Circuit
20   issued its mandate, the Court lifted the stay of execution on judgment.  Docket No. 419.  Thus, the
21   portion of the motion still pending before the Court is Opticurrent's request for an order
22   compelling production of worldwide sales data by Power Integrations.
23         For the following reasons, the Court **DENIES** Opticurrent's request.
24                    **II.     RELEVANT BACKGROUND**
25         Of relevance to the currently pending issue is a portion of the Court's final judgment in
26   this matter:
27              It is ORDERED and ADJUDGED that Defendant shall pay Plaintiff,
                on a quarterly basis, an ongoing royalty of 3.5% of revenues for
28              ongoing sales made by Defendant directly into the United States of

United States District Court
Northern District of California

United States District Court
Northern District of California

the infringing products listed above.

Docket No. 346 ("Final Judgment") at 2.

### III.    <u>DISCUSSION</u>

Opticurrent argues that "Defendant must produce sales figures sufficient to show revenues of worldwide sales of infringing product consistent with the final judgment."  Mot. at 5. Opticurrent asserts:

> [T]he Final Judgment was fashioned on the evidence presented at trial.  In particular, Defendant itself relied (successfully) on the evidence that Defendant made six percent of global sales of its infringing products in the United States.  *See* Tr. at 767:19-21; 779:6-9 (testimony of Defendant's corporate representative, Mr. Sutherland, which formed the basis for Defendant's post-trial motion to establish the royalty base as six percent of global sales). **In other words, the royalty base from evidence presented at trial is six percent of worldwide revenues of the infringing products**. The Court therefore ordered Defendant to compensate for its past infringement in an amount no less than a reasonable royalty of 3% applied to that royalty base.  The Final Judgment provided a calculation of that amount up through March 31, 2018.  **The Final Judgment also set forth an ongoing royalty of 3.5% to be applied to future sales of infringing products and required Defendant to pay on a quarterly basis**. . . Defendant must produce sales information in the same fashion and format used to construct the Final Judgment, *e.g.*, global sales for the percentage multiplier as attested by Mr. Sutherland and relied upon by this Court.

*Id.* at 5-6 (emphasis added).  But Opticurrent already made this exact argument on two separate occasions.  *See e.g.,* Docket Nos. 341 at 2; 341-1; 341-3; 387 at 7-8; 394 at 6-7; 395 at 1-4.  The Court declined to adopt Opticurrent's position at each juncture.  *See* Final Judgment at 2; Docket No. 397 (order granting stay of execution of judgment without altering the terms of the judgment and declining to compel PI to produce worldwide sales data).

Specifically, the Court entered a final judgment which rejected Opticurrent's proposals to calculate the royalty percentage based on worldwide sales and did not require Power Integrations to produce worldwide sales data.  Final Judgment at 2 ("Defendant shall pay Plaintiff, on a quarterly basis, an ongoing royalty of 3.5% of revenues for ongoing sales made by Defendant directly into the United States of the infringing products listed above.").  At bottom, Power Integrations' worldwide sales figures are irrelevant if Power Integrations provides data as to its sales directly into the United States.  Opticurrent does not identify any deficiencies in the data

2

United States District Court
Northern District of California

Power Integrations has already provided with regards to its sales directly in the United States. Indeed, Opticurrent does not dispute PI's representation that PI has "previously provided Opticurrent with data for 'ongoing sales made by Defendants directly into the United States'" and Opticurrent did not challenge PI's statement that PI is "preparing a final, detailed production of sales information. . . in the same detailed transaction-level format in which PI produces its sales information during discovery." Opp. at 4. Accordingly, Opticurrent has failed to show why it needs Power Integrations' worldwide sales data at this juncture. Thus, Opticurrent does not provide a basis for the Court to reconsider this issue.

### IV.      CONCLUSION

Opticurrent's motion to compel PI to produce worldwide sales data is **DENIED**.

This order disposes of Docket No. 407.


**IT IS SO ORDERED**.


Dated: May 19, 2022

_____
EDWARD M. CHEN
United States District Judge

3